■ BORCHARD AFFILIATIONS, INC., Respondent, v CONCILIATION & APPEALS BOARD OF THE CITY OF NEW YORK, Appellant. — Judgment, Supreme Court, New York County (Gabel, J.), entered March 10, 1982, which, *inter alia,* granted the petition and annulled an order of the Conciliation and Appeals Board determining the initial legal regulated rent for a rent-stabilized apartment, unanimously reversed, on the law, without costs or disbursements, and the matter remanded to the board for further proceedings to consider updated comparability data. In this CPLR article 78 proceeding, petitioner owner challenges a Conciliation and Appeals Board order which determined the initial legal regulated rent for an apartment which, on July 23, 1979, became subject to the Rent Stabilization Law. Since, at the time of its order herein, the board had not fully developed its procedures concerning the processing of fair market rent appeals it moved at Special Term for a remand to it for the sole purpose of permitting petitioner to submit updated rental documentation on the issue of comparability. Petitioner opposed the application and requested a ruling on the merits. Special Term granted the remand but without so much as an administrative record or answering papers reached the merits and, castigating the board for not affording petitioner administrative due process, annulled its determination. Contrary to Special Term's finding, it is clear that the board gave petitioner proper notice of the nature of the proceeding, i.e., that it was a fair market rent appeal, and that petitioner had the opportunity to, and did, in fact, submit the required documentation upon which the regulated rent was determined. The board's request for a remand, rather than being a "tacit recognition that it didn't go strictly 'by the book' " reflects merely a recognition that, in accordance with its new procedures, not in effect at the time its order was made, petitioner should be afforded an opportunity to submit rental documentation concerning the date the tenants first took occupancy after vacancy decontrol. Concur — Murphy, P. J., Sullivan, Silverman, Lynch and Milonas, JJ.